People, Plaintiff and Appellee, *v.* Hernández, Defendant and Appellant.

Appeal from the District Court of San Juan in a Prosecution for Violation of the Weights and Measures Act.

No. 1448.—Decided February 10, 1920.

Weights and Measures—Allowance for Shortage.—In accordance with circular No. 55 of April 23, 1917, issued by the Bureau of Weights and Meas-

ures, the maximum allowance for shortage in the weight of loaves of bread of 150 grams is 12½ grams for one loaf alone and an average of 8 grams where several loaves are weighed together. As the complaint in this case refers to thirty-one loaves, the allowance is 8 grams and not 12½ grams; therefore the complaint states facts sufficient to constitute the offense charged against the defendant.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

Gabriel Hernández was charged with a violation of section 15 of the Weights and Measures Act in that "on February 5, 1918, * * * the accused Gabriel Hernández, owner of a bakery at Vega Alta, unlawfully, wilfully and maliciously made and sold 31 loaves of bread to Raimundo Hernández, a merchant of Toa Baja, labeling each loaf as weighing 150 grams, whereas each loaf was short 10 grams, which shortage is greater than the statutory allowance in such cases."

The defendant demurred on the ground that the information did not state facts sufficient to constitute the offense charged and the district court overruled the demurrer.

The appellant maintains that the law "allows the sale of bread labeled with such weight as the manufacturer may choose, if the proportional price be marked on the same loaf. Therefore, in order to commit the said crime a price not in proportion to that marked must be shown on the loaf together with the labeled weight." We cannot accept this conclusion. It is true that the information fails to state whether or not the proportional price was marked on the bread, but it clearly charges the defendant with having represented loaves of bread to weigh 150 grams when as a matter of fact they weighed only 140, and the shortage of weight is what constitutes the principal element of the offense. See sections 2 and 3 of Act No. 13 of 1917.

The appellant further contends that the shortage in the weight of the loaves of bread in question fell within the limi-

tation of the allowance made by the Bureau of Weights and Measures under the authority conferred upon it by law. In a case like the one at bar, that is, where loaves of bread weigh 150 grams, the maximum allowance for shortage is 12½ grams for one loaf alone and an average of 8 grams where several loaves are weighed together, according to circular No. 55 of April 23, 1917. The information does not refer to a single loaf, but to 31 loaves, for which reason the allowance is not 12½ but 8 grams.

In view of the foregoing it must be held that the demurrer was properly overruled by the district court.

The case was brought to trial and three witnesses testified, two for the prosecution and one for the defense. One of the witnesses for the prosecution, the inspector who made the charge, testified that he believed that all of the bread in the store had been weighed and that the average shortage was 10 grams. The other witness for the prosecution, the owner of the store in which the loaves of bread were seized, and the witness for the defense testified that there were about 100 loaves of bread in the store and that only the most deficient were selected for the purpose of estimating the average weight.

The evidence, therefore, was contradictory as to the number of loaves of bread weighed and this important conflict was decided by the trial court against the defendant. Since it has not been shown that the court was influenced by passion, prejudice or partiality, or committed manifest error, its conclusion must prevail. Assuming that all of the loaves were weighed, the offense charged against the defendant is proved. Hence the judgment sentencing the defendant to pay a fine of $5, or to be imprisoned in jail one day for each dollar not paid, will be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.